UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRACIE CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   2:19CV438-PPS/JPK |
| | ) |
| ARGENT JOURNEY SENIOR LIVING OF | ) |
| MERRILLVILLE, LLC, PARKSIDE | ) |
| MANAGEMENT SERVICES, LLC, and | ) |
| JOURNEY SENIOR LIVING, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Tracie Carter claims that her former employer discriminated against her in violation of the Americans with Disabilities Act, the Family and Medical Leave Act, 42 U.S.C. §1981, and Title VII of the Civil Rights Act of 1964.  [DE 24.] There was some initial confusion on who the proper defendant should be but it appears to have now been sorted out in Carter's third amended complaint where she names three companies as defendants.  [DE 24 at ¶¶4-6.] Carter alleges that she began working for defendants Argent Journey Senior Living of Merrillville and Journey Senior Living in 2016.  [*Id.* at ¶7.] Defendant Parkside's role is allegedly that it "was retained to assume the management of Journey Senior Living" in October 2018.

Parkside has filed a motion to dismiss principally on the grounds that it was not timely sued within the 90-day limitation period applicable to claims under the ADA and Title VII.  For both ADA and Title VII claims, a plaintiff must bring an action

against a defendant within 90 days of her receipt of the EEOC's right-to-sue notice. 42 U.S.C. §2000e-5(f)(1);  *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011); *Lloyd v. Swifty Transp. Inc.*, 552 F.3d 594, 600 (7th Cir. 2009).  It is undisputed that plaintiff received her right-to-sue notice on August 29, 2019.  [DE 24 at ¶2; DE 39 at 3.]   The 90-day period expired on November 27, 2019.  Carter's third amended complaint adding Parkside as a defendant was submitted to the court on January 27, 2020, and she was not granted leave to file that amended pleading until February 6, 2020.  [DE 24, 23.]  Either of those dates is well beyond the November 27 deadline.[1]

Carter argues that the addition of Parkside was timely under the "relation back" doctrine of Fed.R.Civ.P. 15(c)(1)(B).  Whether that provision applies depends on whether "the amendment changes the party or the naming of the party against whom a claim is asserted" and "if, within the period provided by Rule 4(m) for serving the summons and complaint, [Parkside] (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

The Supreme Court's decision in *Krupski v. Costa Crociere S,p.A.*, 560 U.S. 538 (2010), corrected some misinterpretations of the relation back standards.  Following

---

[1] On January 23, 2020, Carter had lodged an amended complaint naming only Parkside as a defendant.  [DE 11.]  Later the same day, Carter lodged a second amended complaint naming both Parkside and Argent Journey as defendants.  [DE 12.]  Both of these pleadings were stricken by Judge Kolar for failure to comply with Fed.R.Civ.P. 15.  [DE 14.]  Neither of these complaints would have been timely within the November 27 deadline either.

2

*Krupski*, the Seventh Circuit has instructed district courts in the application of the doctrine:

> The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011). This standard is readily met here.

First, Parkside's relationship with Journey supports the conclusion that Parkside was aware of the lawsuit and well knew it should have been sued but inadvertently wasn't. As Carter points out, Journey and Parkside were acting in concert throughout the administrative process. Indeed, Parkside defended Carter's EEOC complaint even though the EEOC complaint was filed against Journey. As Carter points out, "Parkside and Journey have the same address. Parkside is the managing company of Journey." [DE 48 at 6.] Carter's EEOC charge named "Journey Senior Living of Merrillville" as her employer. [DE 48-1 at 1.] An Employer Statement of Position was filed with the EEOC on behalf of respondent Journey Senior Living. [DE 48-2 at 1.] And the Introduction explains the shifting of management at the facility where Carter was employed. This goes a long way in providing an explanation for Carter's original confusion about the defendants necessary to name in her lawsuit.

According to the Employer Statement, Carter was hired in 2016 and "employed by Journey Senior Living, LLC, the third party management company that operated and managed Journey Senior Living of Merrillville." [*Id.*] But "[i]n July 2018, Journey Senior Living, LLC was terminated as manager of the JSL and following a transition of management duties ending on October 15, 2018, Carter was employed with Parkside Management Services, LLC, the third party management company that was retained to assume the management of JSL." [*Id.*] The statement was verified and signed by Mark Matthews as President of Argent Journey Senior Living, and also by Todd Miller on behalf of Parkside Management Services, LLC, which was identified as "Manager and Former Employer of Complainant." [DE 48-2 at 7.]

In light of this background, Parkside's assertion that Journey Senior Living of Merrillville is "an entity that has no affiliation with Parkside" is nothing short of astonishing. At best, it's a textbook case of someone playing fast and loose with the facts. [DE 50 at 1.] And then, to make matters worse, Parkside's reply brief goes on to invoke outmoded Seventh Circuit caselaw preceding and impliedly overruled by the relation back teachings of *Krupski* and *Joseph*. [DE 50 at 2, citing *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). *See Herrera v. Cleveland*, No. 18 C 6846, 2020 WL 1548954, at *2 (N.D.Ill. April 1, 2020) (observing that *Hall* is inconsistent with *Krupski*).]

The record of the EEOC proceedings is enough to demonstrate that Parkside "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Rule 15(c)(1)(C)(ii). Parkside's

4

simplistic focus on how unspecified mail was addressed and received is beside the point. [DE 50 at 2-3.] Parkside's participation in the EEOC proceedings, in which it identified itself as Carter's employer, provided the awareness the relation-back rule requires. An unsuccessful charge of discrimination with the EEOC is a precursor to a lawsuit, and it is entirely implausible that after its involvement before the EEOC and given its role managing the Journey Senior Living facility, Parkside would not have become aware when Carter brought suit against Journey Senior Living of Merrillville based on the same allegations. And that knowledge was likely nearly simultaneous with Journey's own awareness of the lawsuit, so that Parkside's notice was in time to meet the requirement of Rule 15(c)(1)(C). Parkside is also unable to demonstrate any impairment in its ability to defend itself attributable to the brief delay in being named as a defendant, the second requirement under the relation back doctrine. In sum, the relation-back doctrine defeats Parkside's argument that it was not timely sued under Title VII and the ADA.

Parkside next challenges the pleading sufficiency of Carter's race discrimination claim under 42 U.S.C. §1981, arguing that Carter "does not allege she was prevented from making or enforcing any contract because of her race." [DE 39 at 4.] Section 1981 prohibits race discrimination in the making, enforcing and terminating of contracts. It has long been interpreted to encompass employment discrimination based on race. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975) ("it is well settled among the federal Courts of Appeals – and we now join them – that §1981 affords a

5

federal remedy against discrimination in private employment on the basis of race"). "Section 1981 protects employees with contracts for a specified duration as well as at-will employees." *Pulliam v. General Motors*, 354 F.Supp.2d 874, 879 (W.D.Wisc. 2005), citing *Walker v. Abbott Laboratories*, 340 F.3d 471, 478 (7th Cir. 2003). Parkside's argument fails.

Perhaps recognizing that its "contract" argument about §1981 is a non-starter, Parkside pivots in its reply to make a different argument, namely that Carter has failed to allege sufficient facts to support a race discrimination claim. [DE 50 at 5.] This argument can be rejected both for coming too late (appearing for the first time in Parkside's reply) and on its merits. Fed.R.Civ.P. 8(a)(2) requires only a "short and plain statement of the claim." Carter's Third Amended Complaint expressly alleges that her employment "was terminated due to her race." [DE 24 at ¶31.] The Supreme Court has held that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002). Also, "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Id*.

As in *Swierkiewicz*, Carter's pleading "detail[s] the events leading to [her] termination, provide[s] relevant dates" (*id*. at 514) and includes an allegation that a white employee "engaged in conduct of comparable seriousness, but they have not been terminated" (DE 24 at ¶25). These allegations, along with the ultimate assertion that Carter was terminated due to her race, are sufficient to survive a motion to dismiss

her claim under §1981. "Given the straightforward nature of the claim," applicable pleading standards require "nothing more" than allegations of who discriminated against Carter, the type of discrimination claimed, and when. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).

Parkside's final argument for dismissal is just as fruitless. It relates to whether Parkside was timely served with the Third Amended Complaint. Judge Kolar granted leave to file the Third Amended Complaint on February 6, 2020. [DE 23.] The 90 days for service provided in Fed.R.Civ.P. 4(m) expired on May 6, 2020. Parkside says it was served on May 26, 2020. [DE 39 at 6.] As Carter points out, Rule 4(m) contemplates only dismissal *without* prejudice for a failure of timely service, not dismissal *with* prejudice as Parkside requests. [DE 39 at 6.] Furthermore, I agree with Carter that dismissal without prejudice would be a waste of resources serving no reasonable purpose, when Parkside has been served, only 20 days late, and in view of the difficulties Carter's counsel was experiencing due to pregnancy complications (requiring hospitalization followed by bed-rest) and the COVID-19 pandemic (resulting in the furlough of her assistant). [DE 48 at 8.] Finding that Carter has shown good cause for the failure of timely service, I extend the time for service *nunc pro tunc* and declare service of the Third Amended Complaint on Parkside to have been timely.

**ACCORDINGLY:**

7

Defendant Parkside Management Services, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint [DE 39] is DENIED.

**SO ORDERED**.

ENTERED:  October 15, 2020.			<u>/s/ Philip P. Simon</u>
						UNITED STATES DISTRICT JUDGE